UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENESIS PRODUCING COMPANY, L.P., | § | |
| | § | |
| *Appellant*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3342 |
| | § | |
| SMITH BIG OIL CORPORATION, *et al.*, | § | |
| | § | |
| *Appellees*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is Appellees, Smith Big Oil Corporation and Todd M. Smith's (collectively, "SBO") motion to dismiss appeal. Dkt. 6. After considering the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

Appellant Genesis Producing Company, L.P. ("Genesis") is an independent oil and gas exploration company, closely-owned by J.M. Smith. Dkt. 6, Ex. 1 at 3. Over the past several years, SBO has loaned Genesis money it needed to pay for business expenses. Dkt. 6 at 2. In April 2012, Genesis allegedly assigned SBO its interest in Louisiana oil and gas lease, State Lease 18441 ("Louisiana well"), in partial satisfaction of this debt. Dkt. 10, Ex. 2.

Shortly thereafter, on May 24, 2012, Genesis filed suit against SBO in state district court in Harris County, Texas, seeking to revoke its assignment of the Louisiana well to SBO on grounds of conversion, breach of contract, inadequate consideration, and fraud. Dkt. 6, Ex. 1. The parties filed cross motions for summary judgment. *Id.* at Ex. 2; Dkt. 10, Ex. 8. The court held a hearing on the motions and took them under advisement. Dkt. 10 at 16. On April 22, 2013, the court announced its ruling, denying Genesis's motion for summary judgment and granting SBO's motion for summary

judgment as to the breach of contract and conversion claims.  Dkt. 10, Ex. 12.  The court held a hearing the following day in order to clarify that it was dismissing all of Genesis's claims and cancelling the upcoming trial setting.  Dkt. 6 at 3.  Within hours of this hearing, Genesis filed a notice of nonsuit, seeking to dismiss all of its claims against SBO without prejudice.  Dkt. 10, Ex. 14.  On April 24, 2013, the court signed a final order granting SBO's motions and dismissing all of Genesis's claims with prejudice.[1]  Dkt. 6, Ex. 2.

Genesis filed for chapter 11 bankruptcy on April 25, 2013, which automatically stayed the state court lawsuit.  *See In re Genesis Producing Company, L.P.*, No. 13–32422 (Bankr. S.D. Tex. 2013), Dkt. 1.  On June 26, 2013, the bankruptcy court ruled that the automatic stay under 11 U.S.C. § 362 did not enjoin the parties from proceeding with the state court lawsuit.  *Id.* at Dkt. 29.  Days later, the bankruptcy court dismissed Genesis's bankruptcy case because the State of Texas rescinded Genesis's corporate charter as a result of its failure to pay franchise taxes.  *Id.* at Dkt. 30.

Genesis restored its corporate charter by paying its past due taxes and filed for chapter 11 bankruptcy again on July 18, 2013.  Dkt. 10, Ex. 16.  The following day, the state court entered final judgment in favor of SBO.  Dkt. 6, Ex. 5.  Genesis's appeal of the state court judgment is currently pending.  In the bankruptcy proceeding, Genesis filed a complaint against SBO on August 3, 2013.  Dkt. 6, Ex. 6.  In the complaint, Genesis argued the assignment of the Louisiana well was invalid due to fraudulent transfer, breach of contract, unjust enrichment, fraudulent inducement, and civil

---

[1] Genesis disputes the time line of events related to the disposition of its claims in state court.  Genesis maintains that when it filed its notice of nonsuit on April 23, 2013, the court had not yet announced a ruling on all of Genesis's claims.  Despite the disagreement among the parties related to the procedural history in the state court action, this court will rely on the final orders entered in the state court lawsuit as the bases of its analysis.  The orders entered by the state court district judge clearly dismissed all of Genesis's claims with prejudice before Genesis filed its adversary proceeding against SBO in the bankruptcy proceeding. Dkt. 6, Exs. 2, 5.

conspiracy. *Id.* Genesis represented to the bankruptcy court that it had voluntarily dismissed the state court action. *Id.*

The bankruptcy court conducted a hearing to review Genesis's complaint against SBO and determined that dismissal was warranted. Dkt. 6, Ex. 7. In an order, dated September 13, 2013, the bankruptcy court held that:

> (i) the Debtor's attempted non-suit of the state court lawsuit was ineffective because the Debtor filed its non-suit after the state court had announced its ruling to the parties on the parties' competing summary judgment motions dismissing the Debtor's claims, (ii) the Debtor's Complaint here should be dismissed under the principle of collateral estoppel, and (iii) even if collateral estoppel does not require dismissal of Debtor's Complaint, the Debtor's Complaint should be dismissed under the principle of discretionary abstention.

*Id.* On September 27, 2013, Genesis filed its notice of appeal of the bankruptcy court's decision. Dkt. 1.

SBO now moves to dismiss this appeal, arguing that the district court does not have jurisdiction to review the bankruptcy court's dismissal order under 28 U.S.C. § 1334(d). Dkt. 6. While this appeal was pending, the bankruptcy court dismissed Genesis's chapter 11 case with prejudice on December 11, 2013 because Genesis's operating reports did not show any funds, income, or operating expenses, making reorganization impossible. *See In re Genesis Producing Company, LP*, No. 13–34374 (Bankr. S.D. Tex. 2013), Dkt. 54. SBO supplemented its motion to dismiss this appeal, arguing that the dismissal of Genesis's chapter 11 case was an additional reason why this court should not disturb the bankruptcy court's ruling. Dkt. 8. Genesis responded to appellees' motion to dismiss, arguing that this court has jurisdiction to review the bankruptcy court's dismissal and can retain jurisdiction even though the underlying bankruptcy case had been dismissed. Dkt. 10.

## II. ANALYSIS

### A.    Jurisdiction

SBO argues that 28 U.S.C. § 1334(d) bars this court from reviewing the bankruptcy court's decision to abstain from hearing this proceeding.  Section 1334(d) states:

> Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1334(d).  In interpreting this subsection, courts have held that the terms "by appeal" and "by the court of appeals" do not include the district court acting in its appellate capacity in relation to the bankruptcy court, and thus, section 1334(d) does not preclude a district court from reviewing a bankruptcy court's decision to abstain.  *See In re Bristol Res. 1994 Acquisition Ltd. P'ship*, 333 F.3d 608, 610–11 (5th Cir. 2003) (noting that while the Fifth Circuit was barred by § 1334(d) from reviewing the abstention decision, the district court "clearly had the discretion" to affirm the bankruptcy court's decision to abstain); *see also In re Midgard Corp.*, 204 B.R. 764, 768 (B.A.P. 10th Cir. 1997) (explaining that abstention orders are subject to review by the district court, but not the circuit court of appeals); *Dean v. Suntrust Bank*, No. 1:07–cv–00248–JEC, 2007 WL 1953151, at *3 (N.D. Ga. June 29, 2007) (holding that under § 1334(d), "a district court can properly review a bankruptcy court's decision to abstain").  This interpretation is based on the language in the statute that specifies that appellate review is limited only when jurisdiction arises under sections 158(d), 1291, or 1292.  *See* 28 U.S.C. § 1334(d).  These three sections speak exclusively to the jurisdiction of the courts of appeals, not district courts acting in an appellate capacity.  *See id.* §§ 158(d), 1291, 1292.  Rather, the jurisdiction of district courts to hear appeals from bankruptcy

4

court rulings arises under 28 U.S.C. § 158(a).  *See id.* § 158(a).  Because a district court's jurisdiction to review a bankruptcy court's decision to abstain does not arise under any of the sections enumerated in section 1334(d), this court is not precluded from reviewing the bankruptcy court's abstention decision.  *Id.* § 1334(d); *see In re Midgard Corp.*, 204 B.R. at 768.  Therefore, this court has jurisdiction to review the appeal.

### B.  Permissive Abstention

Title 28 section 1334(b) of the United States Code provides for federal jurisdiction over cases arising under or related to the bankruptcy code.  However, under the permissive abstention doctrine, bankruptcy courts have the discretion to abstain from exercising that jurisdiction "in the interest of justice, or in the interest of comity with the State courts or respect for State law."  28 U.S.C. § 1334(c)(1); *see In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996).  Permissive abstention may be raised *sua sponte*, and the bankruptcy court has "broad power to abstain whenever appropriate."  *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 847 (Bankr. S.D. Tex. 2006) (*citing In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987)); *see also In re Encompass Servs. Corp.*, 337 B.R. 864, 877 (Bankr. S.D. Tex. 2006) (noting that "[t]he decision to abstain is left up to the broad discretion of the bankruptcy court").  Factors the court should consider when deciding whether to abstain include:

> (1) The effect or lack thereof on the efficient administration of the estate if the court recommends abstention; (2) Extent to which state law issues predominate over bankruptcy issues; (3) Difficult or unsettled nature of applicable law; (4) Presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) Jurisdictional basis, if any, other than § 1334; (6) Degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) The substance rather than the form of an asserted core proceeding; (8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) The burden of the bankruptcy court's docket; (10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) The existence of a right to a jury trial; (12)

The presence in the proceeding of nondebtor parties; (13) Comity; and (14) The
possibility of prejudice to other parties in the action.

*See In re Doctors Hosp.*, 351 B.R. at 847 (citing *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 785

(E.D. Tex. 2001)).   This court reviews the bankruptcy court's decision to abstain for abuse of

discretion.  *In re Luongo*, 259 F.3d 323, 332 (5th Cir. 2001) (citing *In re Howe*, 913 F.2d 1138, 1143

(5th Cir.1990)); *In re Hinsley*, 69 F. App'x 658, at *2 (5th Cir. 2003).

While not all of these factors are relevant to this case, the factors that are applicable support

the bankruptcy court's decision to abstain.  Abstention was appropriate in this case because the claims

among the parties were based almost entirely on state law.  Dkt. 6, Ex. 6; *see In re Doctors Hosp.*,

351 B.R. at 848 (noting that the fact that the adversary proceeding includes only state law claims

supports permissive abstention).  Genesis argues the bankruptcy court should retain jurisdiction over

the adversary proceeding because Genesis has asserted a claim of fraudulent transfer, an area of

federal law in which the bankruptcy court has special knowledge.  While fraudulent transfer claims

generally "should be resolved by the bankruptcy court" and may "militate[ ] strongly against . . .

abstention," the fraudulent transfer claim here was only asserted after another iteration of the claim

was considered and dismissed in state court.  *Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc.*, No.

H–08–1815, 2008 WL 4330897, at *5 (S.D. Tex. Sept. 18, 2008).  Specifically, Genesis originally

filed a fraud suit in state court before filing for bankruptcy.  The facts alleged in support of Genesis's

state court fraud claim were virtually identical to those alleged in the fraudulent transfer claim before

the bankruptcy court.  As the bankruptcy court recognized, Genesis's adversary complaint involved

"the same claims, issues and operative facts" as the state court lawsuit. Dkt. 6, Ex. 7.  In the state

court complaint, Genesis also contemplated bankruptcy, but stated that it "ha[d] no present intention

6

of [filing for bankruptcy] in the near future because it believe[d] it ha[d] found a way to pay off its many creditors." Dkt. 6, Ex. 1 at 3–4.  Thus, the fact that Genesis filed a nearly-identical suit in state court, and acknowledged but rejected the possibility of bankruptcy, reflects that state law issues predominate over any bankruptcy issues in this case.  The mere assertion of a fraudulent transfer claim, in this case, does not necessitate the conclusion that bankruptcy issues predominate over state law issues.

The court finds that the decision to abstain was also warranted in the interests of comity and judicial economy.  *See In re Hallwood Energy, L.P.*, No. 09–31253–H4–11, 2009 WL 2601294, at *10 (Bankr. S.D. Tex. Aug. 24, 2009) (finding permissive abstention was supported by the existence of a similar lawsuit in state court, commenced months before the Debtor filed for bankruptcy).  The bankruptcy court noted in its order dismissing the complaint that Genesis's claims have already been tried in state court. Dkt. 6, Ex. 7.  The appeal of this decision is also currently pending.  It would be burdensome and inefficient for the bankruptcy court to re-adjudicate this matter, particularly because the bankruptcy court has dismissed Genesis's bankruptcy proceeding.  The court also does not consider the degree of relatedness of the adversary proceeding to the bankruptcy case applicable here because the bankruptcy case has been dismissed, and for the same reason, the decision to abstain will have no effect on the administration of the estate.

The appearance that Genesis is merely looking for another forum in which to litigate this action is another factor supporting abstention.  *See In re Engra*, 86 B.R. 890, 895 (S.D. Tex. 1988); *Ross v. Watkins*, No. H–07–1333, 2007 WL 1850869, at *3 (S.D. Tex. June 26, 2007).  Genesis filed its adversary complaint in bankruptcy court after the state court dismissed all of Genesis's claims against SBO.  In its complaint, Genesis misrepresented the status of the state lawsuit, claiming that

the state lawsuit "was voluntarily dismissed by the Debtor," when the state court had already entered judgment. Dkt. 6, Ex. 5, Ex. 6 at 5. The bankruptcy court recognized this, and noted in its dismissal that "the Debtor's attempted non-suit of the state court lawsuit was ineffective because the Debtor filed its non-suit after the state court had announced its ruling to the parties." Dkt. 6, Ex. 7. Thus, the fact that the commencement of this proceeding in bankruptcy court likely involved an attempt by Genesis to re-litigate the same claims already presented to the state court weighs in favor of abstention.

Further, abstention was proper because this action contained primarily non-debtor parties and jurisdiction was solely based on section 1334. *See In re Doctors Hosp.*, 351 B.R. at 853; *In re Hallwood Energy*, 2009 WL 2601294, at *11 (finding that the presence of three non-debtor parties and only one debtor party weighed in favor of permissive abstention). Lastly, this court agrees that a decision not to abstain would prejudice SBO because of the additional time and expense that would be involved re-litigating issues already resolved in state court. *See In re Doctors Hosp.*, 351 B.R. at 853.

## IV. CONCLUSION

The court finds that the bankruptcy court's decision to abstain and dismiss Genesis's complaint was not an abuse of discretion. Therefore, SBO's motion to dismiss appeal (Dkt. 6) is GRANTED, and the pending appeal of the bankruptcy court's order is DISMISSED.

Signed at Houston, Texas on August 8, 2014.

Gray H. Miller
United States District Judge

8